IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GILBERTO RUELAS, JR.                                                                        PLAINTIFF

v.                              Civil No. 5:24-cv-05128-TLB-CDC

CHIEF OF POLICE CODY HARPER,
Centerton Police Department                                                                 DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed under 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  The case is before the Court on Plaintiff's failure to obey the Court's Orders.

### I.    DISCUSSION

By Order (ECF No. 5) entered on June 24, 2024, the Court severed several actions that were improperly joined in *Ruelas v. Benton County Sheriff's Office, et al.,* Civil No. 5:24-cv-05064.  Pursuant to that Order, this case was opened, and the Plaintiff was directed to file an Amended Complaint setting forth only his claim against Chief Harper and any officers of the Centerton Police Department involved in his arrest on February 12, 2022.  *Id.* at 8.

On July 31, 2024, considering Plaintiff's failure to file his Amended Complaint, the Court entered a Show Cause Order.  (ECF No. 8).  Plaintiff was directed to show cause why the case should not be dismissed based on his failure to file the Amended Complaint.  *Id.*  Plaintiff's

1

response to the Show Cause Order was due by August 21, 2024.

Plaintiff has not requested additional time to respond to the Court's Orders. No mail has been returned as undeliverable. Plaintiff has failed to comply with the Court's Orders (ECF Nos. 5 and 8). In each Order, the Plaintiff was advised that failure to respond would result in the dismissal of the case.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II. CONCLUSION

For these reasons, it is recommended that the case be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**Status of the Referral: The referral terminates upon the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file**

**timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of August 2024.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE